[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issues in this case involve visitation and child support of a minor child, Nicole Dupuis, born May 2, 1992. Nicole is the child of the parties who were not and are not now married to each other. CT Page 10949
On April 5, 1995, the Court granted sole custody of the minor child to the plaintiff and entered additional orders in accordance with the agreement of the parties, (Stipulation dated April 5, 1995). One of the terms of the agreement was that the issues of visitation and child support be continued until June 7, 1995.
On June 7, 1995 an evidentiary hearing commenced. The hearing was continued and concluded in September 1995. The Court heard testimony from both parties; Dr. Michael Pines, a psychologist therapist who has been treating Nicole and working with the plaintiff; Richard Mellow, a counselor who met with both parties after a referral from the Family Relations office; John McCahill a friend of the plaintiff; Susan Gibbons of the AMPS organization and John J. Bell, a Family Relations Counselor. After considering the evidence, requests and recommendations, the Court makes findings and enters orders as follows:
1. The defendant (father) shall have visitation on alternate weekends from Friday at 5:30 P.M. until Sunday at 5:00 P.M. This weekend schedule shall commence two weeks following the next Saturday through Sunday visitation after the date of this decision.
2. During the week preceding a weekend in which the father does not have visitation, the father shall have Nicole from Wednesday at 5:30 P.M. to Thursday at 7:30 A.M. During the alternate week the father shall have visitation from Wednesday at 5:30 P.M. to 7:30 P.M.
3. Effective beginning with the summer of 1996, (between the months of June through August), each party shall have two non-consecutive weeks with Nicole. The parties are to give 45 days notice of anticipated summer vacation with Nicole. During the vacation week, the non-visiting parent shall be entitled to two telephone calls each week, not to exceed ten minutes in duration for each call.
4. All visitation will continue to be monitored by AMPS, Inc. The parties shall share equally the costs of the AMPS service.
5. The holidays of Easter, Thanksgiving, Christmas and Christmas Eve (from 5:30 P.M. on Christmas Eve to 10:00 A.M. on Christmas Day) shall be alternated yearly. The mother shall have Thanksgiving and Christmas Day (from 10:00 A.M.), CT Page 10950 1995, and the father shall have Easter, 1996.
6. The child will spend Mother's Day with the mother and Father's Day with the father. If said holiday does not correspond with the normal weekend visitation schedule, the child shall be returned at noon on Sunday to the mother.
7. The mother shall not follow the father during any scheduled visitation time with him nor shall she follow any of his family members.
8. If a visitation is not possible because of the child's illness, the mother shall, within 7 days of said scheduled visit, provide the father with written medical verification of the illness and the father shall be entitled to exercise make-up visitation within 14 days of said missed visit, upon 48 hours notice to the mother.
9. The parties must give at least 90 days notice to the other, in writing, before moving from the state of Connecticut.
10. The parties may record their telephone conversations with each other. (Fax is not ordered).
11. The father shall have access to academic, medical, hospital or other health records of the minor child pursuant to § 46b-56(e).
12. Counsel fees are not awarded to either party.
13. Both parties shall use as the name of the minor-child, Jezewski-Dupuis for school, medical and other records.
14. Prior orders entered in accordance with the stipulation of the parties on April 5, 1995, which are not addressed by the orders herein shall remain in full force and effect.
15. Counseling of the parties, joint or individual, is not ordered. Whether to do so is left to the voluntary desires of each party.
16. Orders entered by Judge Bishop with respect to the contempt finding against the mother are not modified and shall remain in effect. CT Page 10951
The foregoing orders are based on findings that both parties are appropriate parents and that current visitation has not been detrimental in any way to Nicole.
Although the parties can and apparently do, act appropriately with Nicole, their behavior toward each other has been reprehensible. The Court attaches little credibility to either party, but concludes, primarily based on the testimony of others, that these orders are in the best interests of the child and at least provide as much stability to these litigants as can reasonably be expected given the acrimonious relationship between them.
Klaczak, J.